FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 16 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KENNA DAGUANNO,                    )
                                   )
                    PLAINTIFF      )    Civil Action No. 3:12-cv-00239 BRW/HDY
                                   )
v.                                 )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                                   )
                    DEFENDANT      )

## COMPLAINT

COMES NOW the Plaintiff, Kenna Daguanno, by and through the undersigned counsel, and for her personal injury cause of action against the Defendant, states:

### I. INTRODUCTION

1. This claim is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671 et seq. ("FTCA") for personal injuries caused by the negligence and fault of the United States of America by and through its agency, United States Postal Service (hereinafter "USPS"), and its agents and employees. This action arises out of a motor vehicle collision which took place on November 17, 2007 between Plaintiff, Kenna Daguanno, and a vehicle owned by "USPS" and operated by one of its employees, which resulted in personal injuries to Plaintiff.

### II. STATEMENT OF JURISDICTION AND VENUE

2. The action alleged herein against Defendant arises under the FTCA, 28 U.S.C. §§ 2671 et seq. Further, because this civil action is based on claims against the United States for money damages for personal injury, loss of property and death caused by the negligent or

wrongful acts or omissions of government employees while acting within the scope of their office or employment, this Court has original jurisdiction under 28 U.S.C. § 1346(b)(1) (federal tort claims) as well as under 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper in the Eastern District of Arkansas under 28 U.S.C. § 1402 because this is a civil action involving a tort claim against the United States and because the acts and omissions complained of occurred in this judicial district.

4. All procedural prerequisites to filing this action have been satisfied, met, or otherwise waived, including the exhaustion of all administrative remedies under the FTCA.

5. On or about November 13, 2009, Plaintiff, Kenna Daguanno submitted an administrative claim for damage and injury to the Tort Coordinator, United States Postal Service. Plaintiff's claim was received on or around November 15, 2009 and was then transferred on November 25, 2009 to the United States Postal Service National Tort Center for adjudication.

6. As of the filing date of this complaint, more than six months have passed without final disposition of Plaintiff's above referenced administrative claims. Therefore, at the option of Plaintiff, such claims may be deemed finally denied. Accordingly, pursuant to 28 U.S.C. §2675(a), the Court has jurisdiction over this action.

### III. PARTIES TO THE CLAIM

7. Plaintiff is a resident of Jonesboro, Craighead County, Arkansas.

8. Defendant, United State of America, is a sovereign government that has consented to be sued for civil liability in accordance with the FTCA, 28 U.S.C. § 2671, et seq. Pursuant to 28 U.S.C. §§ 1346(b)(1) and 2679, the United States of American is the proper party defendant in a lawsuit brought pursuant to the FTCA.

9. At all times material hereto, the "USPS" was and is an agency of and under the

direct jurisdiction of Defendant.

10. At all times material hereto, Defendant, United States of America, was and is responsible for the actions, decisions, omissions, operations, fault and neglect of the officers, agents and employees of the "USPS".

### III. STATEMENT OF THE CASE

11. On November 17, 2007 at approximately 3:14 p.m., Plaintiff, Kenna Daguanno, was operating her 2005 Mazda Tribute westbound on Highland, approaching the intersection at Cain. At said time and place Allen R. Grayson, while acting within the scope of his duties as an agent and employee of the USPS, operating a 1991 LLV Van, was travelling southbound on Cain, stopped at the intersection at Highland. As Plaintiff, who did not have a stop sign, entered the intersection, Allen Grayson, who had a stop sign, carelessly and negligently proceeded into the intersection, colliding with the side of Plaintiff's vehicle, in disregard of the rights and safety of others.

### IV. NEGLIGENCE OF THE UNITED STATES POSTAL SERVICE

12. Allen Grayson, while acting within the scope of his duties as an agent and employee of the USPS, was guilty of negligence, which negligence is imputed to Defendant, and was the proximate cause of the above described incident and Plaintiff's resulting damages in the following particulars:

    (a) in failing to keep a proper lookout;

    (b) in failing to keep the vehicle he was driving under proper control;

    (c) in driving the said vehicle at a speed greater than was reasonable and prudent under the circumstances then existing;

    (d) in failing to exercise ordinary care for his own safety and for the safety of others

using the roadway;

(e)  in failing to take proper evasive action to avoid a collision;

(f)  in failing to yield the right of way in violation of A.C.A. §27-51-503.

## V. DAMAGES

13. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the instant complaint. These charges are reasonable and were the usual and customary charges made for such services. All medical bills of Plaintiff, whether paid by a third party, or not, are admissible, pursuant to an opinion by the Supreme Court of Arkansas declaring Act. 649 unconstitutional. Specifically, in the case of Darrell Johnson et al. vs. Rockwell Automation, Inc. et al, Case No. 08-1009, in an opinion delivered on April 30, 2009, the Supreme Court of Arkansas ruled that the provisions of Act 649 of 2003 that address evidence of damages for the costs of necessary medical care, treatment or services, violate the Arkansas Constitution.

14. As a proximate result of the negligence and recklessness of Allen Grayson, which negligence is imputed to Defendant, the Plaintiff, Kenna Daguanno, sustained physical injuries including but not limited to injuries to her neck and back.

15. At the time of the incident, Plaintiff was an able-bodied female who was gainfully employed and earning a livelihood for herself and contributing to her family. As a proximate result of the incident caused by Allen Grayson, whose negligence and recklessness is imputed to Defendant, Plaintiff, Kenna Daguanno, was no longer able to meet the physical demands of her vocation. As a result, Plaintiff, Kenna Daguanno, has lost and will lose income in a sum to be determined by the evidence presented at trial.

16. Plaintiff claims she is entitled to recover for the following damages, all of which were proximately caused by the negligence of Allen Grayson, which negligence is imputed to Defendant:

 (a) damages for emotional distress suffered by Plaintiff after the injury and continuing through the present;

 (b) damages for pain and suffering visited upon the Plaintiff due to her injuries;

 (c) damages for future pain and suffering;

 (d) compensatory damages for medical and other out of pocket expenses;

 (e) damages for medical expenses to be incurred in the future;

 (f) compensatory damages for lost wages.

 (g) compensatory damages for Plaintiff's loss of future income, including compensatory damages for any working time, earnings, profits, and salary lost, or reasonably certain to be lost in the future, as well as compensatory damages for the present value of any loss of ability to earn wages in the future; and

17. Plaintiff's total compensatory damages shall be proved by the evidence presented at trial and are in excess of any minimum jurisdictional requirements of this Court.

18. Plaintiff seeks any and all attorney's fees, costs and expenses to which she may be entitled under applicable law.

19. Plaintiff seeks any pre-judgment and post judgment interest to which she may be entitled under applicable law.

20. Plaintiff respectfully demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant, United States of America:

(a) For all general and special damages as alleged herein and within the jurisdiction of the Court, in an amount to be proven and apportioned at trial;

(b) For any and all compensatory damages allowed under applicable law;

(c) For any and all attorney's fees and expenses allowed under applicable law;

(d) For all cost, including but not limited to expert witness fees and expenses herein and all interest allowed under applicable law; and

(e) For all other relief, both special and general, to which Plaintiff may be justly entitled as this Honorable Court deems proper.

Dated: October 12, 2012

Respectfully submitted,

LAW OFFICES OF TODD GRIFFIN, PLLC

Todd Griffin, AR Bar No. 91064
Plaza West Building
415 North McKinley, Ste. 1000
Little Rock, AR 72205
Tel (501) 975-6655
Fax (501) 975-6657